Filed 5/21/14  P. v. Vicario CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

<table>
<tr><td>THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALFRED VICARIO,<br><br>    Defendant and Appellant.</td><td>E058936<br><br>(Super.Ct.No. FCH07176)<br><br>**OPINION**</td></tr>
</table>

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

So'Hum Law Center of Richard Jay Moller and Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, Barry Carlton, and Heather M. Clark, Deputy Attorneys General, for Plaintiff and Respondent.

1

# I

## INTRODUCTION

On July 16, 2008, a jury found defendant and appellant Alfred Vicario guilty of shooting at an inhabited dwelling under Penal Code[1] section 246, and possession of a firearm by a felon under section 12021, subdivision (a)(1). Thereafter, the trial court found that defendant previously had been convicted of two serious or violent felonies under sections 1170.12, subdivisions (a) through (d), and 667, subdivisions (b) through (i)); and that defendant had three prison priors under section 667.5, subdivision (b).

On February 3, 2009, the court denied probation and sentenced defendant under the Three Strikes Law for a total term of 53 years-to-life as follows: two consecutive 25-years-to-life sentences for the convictions, in addition to three consecutive years for his prison priors.

Defendant appealed. On January 22, 2010, we affirmed the judgment in Case Number E047749.

On November 6, 2012, the California electorate approved Proposition 36, the Three Strikes Reform Act of 2012 (the Act). The Act amended sections 667 and 1170.12, and added section 1170.126. (See *People v. Yearwood* (2013) 213 Cal.App.4th 161, 167 (*Yearwood*).)

Almost four years after defendant was sentenced, on March 18, 2013, defendant filed a petition for recall of sentence under section 1170.126. On April 9, 2013, the trial

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

court denied defendant's petition, finding that defendant was ineligible for resentencing under section 1170.126, subdivision (e) because his "current commitment offenses includes PC246 (shooting at inhabited dwelling) a serious felony."

Thereafter, defendant requested reconsideration of his petition for recall of sentence. On May 31, 2013, the trial court granted defendant's request to take the motion off calendar. The court, however, ruled that defendant's request for reconsideration was denied because he was ineligible for resentencing under section 1170.126, subdivision (e).

On June 12, 2013, defendant filed a notice of appeal. On appeal, he contends that he was not statutorily ineligible for resentencing as to his conviction for possession of a firearm by a felon under section 12021, subdivision (a)(1). The People disagree, arguing (1) the trial court's denial of defendant's petition is not appealable; and (2) defendant's conviction for shooting at an inhabited dwelling under section 246 (count 1) is a serious and violent felony that renders defendant ineligible to be resentenced.

We conclude that the trial court did not err in denying defendant's petition for resentencing because defendant's sentence was imposed, in part, for shooting at an inhabited dwelling (§ 246), which is a serious felony. Accordingly, we agree with the trial court that defendant was ineligible for resentencing under section 1170.126.

**II**

**STATEMENT OF FACTS**

We repeat the fact statement from our former slip opinion, *People v. Vicario* (January 22, 2010) E047749, typed opinion at pages two and three:

"On April 2, 2005, Anna M. was cleaning the side yard of her residence when she heard her gate open and saw the defendant run past her. Defendant turned and walked towards her and began pacing. Anna noticed he had a gun. Anna asked him what was going on, but defendant did not reply; he merely ran into the back yard and then around the residence. Anna came out to the front of the residence.

"From the front of the property, Anna heard something on the east side of the property and approached the gate where she saw defendant with the gun in his hand. Then she heard her friend Gabriel drive up, returning the car he had borrowed from Anna. Anna opened the gate so Gabriel could park in the driveway, and saw defendant in the driveway behind a secondary gate. Anna asked Gabriel not to leave.

"Anna and Gabriel went inside the residence and to the back door, where they could see that defendant was near the laundry room. Both Anna and Gabriel tried to get defendant to leave. Instead, defendant fired a shot into the door, striking the stucco. Both Anna and Gabriel felt a spray of debris in the face from the shot, although neither was wounded. Anna and Gabriel retreated to Anna's parents' bedroom, where they heard a second shot. A neighbor helped them leave the house and someone called police. When police arrived, Anna, who did not know defendant, described the shooting suspect as Hispanic, with a mustache, wearing a white shirt and blue jeans, and holding a gun.

4

"A short time later, defendant was taken into custody when he was observed staggering up the street with a chrome revolver in his hand. He was wearing a white shirt and blue pants. The cylinder had three live rounds and two expended cartridges. Defendant appeared to be under the influence of a stimulant: he was fidgety, could not control his movements, was sweating profusely. He was taken to a hospital for detoxification, and was later interviewed. He told the officer he was being chased by people with guns, members of the Mexican Mafia, because he had not paid his "taxes," that is, a portion of the profits from drug sales. A gunshot residue test was conducted, and a particle of gunshot residue was found on defendant's left hand." (Slip Opn. case No. E047749, pages 2-3)

## III

## ANALYSIS

A.    *Appealability*

We must first address the People's argument that "the trial court's order finding [defendant] ineligible for resentencing under Penal Code section 1170.126 is not appealable because [defendant] does not fall within the class of persons entitled to file a petition for recall under that section." This precise issue is before the California Supreme Court. (See *People v. Leggett* (2013) 219 Cal.App.4th 846, review granted Dec. 18, 2013, S214264; *Teal v. Superior court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017.)

5

"Even if we were to conclude it was a nonappealable order, we could consider, in the interest of judicial economy and because of uncertainty in the law, that defendant's appeal is a petition for writ of habeas corpus or writ of mandate. (See *In re Martinez* (2014) 223 Cal.App.4th 610, 615 [treating appeal from section 1170.126 petition as a petition for writ of habeas corpus]; *People v. Segura* (2008) 44 Cal.4th 921, 928 fn. 4 [treating appeal from nonappealable order as petition for writ of habeas corpus]; *Drum v. Superior Court* (2006) 139 Cal.App.4th 845,852-853 [Fourth Dist., Div. Two] [treating appeal as petition for writ of mandate due to uncertainty in the law].) In any event, we will review defendant's appeal."

B.      *The Act*

"The Act changes the requirements for sentencing a third strike offender to an indeterminate term of 25 years to life imprisonment. Under the original version of the three strikes law a recidivist with two or more prior strikes who is convicted of any new felony is subject to an indeterminate life sentence. (*Yearwood*, *supra*, 213 Cal.App.4th at pp. 167.) "However, the Act altered the previous three strikes law and limits three strikes sentences to current convictions of serious or violent felonies and a limited number of other felonies [footnote omitted] unless the offender has a prior strike conviction that falls within one of the several enumerated categories. [Footnote omitted.] If these exceptions do not apply to a defendant, then the court is to sentence the defendant as a second strike offender. (See *Yearwood*, *supra*, 213 Cal.App.4th at p. 168; §§667, 1170.12.)" (*In re Martinez, supra*, 223 Cal.App.4th at pp. 615-616.) "Section 1170.126 also establishes a procedure for qualified inmates serving indeterminate life sentences

under the three strikes law to seek resentencing under the terms of the amended law."
(*Id.* at p. 616.)

In this case, defendant was convicted for shooting at an inhabited dwelling under section 246 (count 1) and possession of a firearm by a felon under section 12021, subdivision (a)(1) (count 2).  While defendant concedes that his sentence for count 1 is ineligible for resentencing, he claims that "[b]ecause possession of a firearm by a felon is not a serious or violent felony, [defendant] was presumptively eligible for resentencing on this offense."  This precise issue was decided recently in *In re Martinez*, *supra*, 223 Cal.App.4th 610.

In *In re Martinez*, *supra*, 223 Cal.App.4th 610, the defendant was convicted of inflicting corporal injury on his wife (count 1); attempted forcible sodomy (count 3); attempted forcible sexual penetration (count 4); and spousal rape (count 5).  The jury found true that the defendant had two prior strike convictions for robbery, both serous and violent felonies.  The court struck his two previous strikes as to counts 3 and 4.  The court then sentenced the defendant as a third strike offender to an indeterminate term of 50 years to life in prison, consisting of an indeterminate term of 25 years to life for count 1 and a consecutive 25 years to life for count 5.  The court also sentenced the defendant to prison for four years under count 3 and four years under count 4, both to run concurrently to his sentence for count 1.  (*Id.* at p. 614.)

After the Act went into effect, the defendant filed a motion under section 1170.126.  The trial court "summarily denied the petition, finding [the defendant] was disqualified from seeking relief under the statute because his 'current commitment

7

offenses include PC289(a)(1) and PC262 and PC664/286(c)(2) are serious and violent felonies making [the defendant] ineligible for re-sentencing under PC1170.126.'" (*In re Martinez, supra,* 223 Cal.App.4th at p. 614.) The issue on appeal in that case was identical to the issue on appeal here: "[W]hether a court, in considering a petition for resentencing under section 1170.126, must consider all the offenses on which the petitioner was sentenced or consider each offense and related term of imprisonment separately." (*Id.* at p. 617.)

The court of appeal concluded that the trial court correctly found that the defendant was not eligible for resentencing under section 1170.126 because one of his convictions was a violent and serious felony. The court stated: "We interpret section 1170.126 as requiring the superior court to consider all felonies that led to any indeterminate life sentence under the previous version of the three strikes law. If one of those felonies is a serious or violent felony or is otherwise disqualifying under the Act, section 1170.126 does not apply. . . . The Act clearly was not intended to apply to a certain type of dangerous criminal." (*In re Martinez, supra,* 223 Cal.App.4th at p. 620.)

Defendant, however, argues that "[i]t would be inappropriate for this Court to rely on *In re Martinez, supra,* slip opn. at 8-13, as the state has summarily urged, because the *Martinez* court improperly conflated the eligibility requirements for resentencing under section 1170.126, and the no 'unreasonable risk of danger to public safety,' requirement." Notwithstanding defendant's disagreement with the recently-published opinion in *In re Martinez, supra,* 223 Cal.App.4th 610, we agree with the court that section 1170.126 requires the trial court "to consider all felonies that led to any indeterminate life sentence

8

under the previous version of the three strikes law.  If one of those felonies is a serious or violent felony or is otherwise disqualifying under the Act, section 1170.126 does not apply."  (*Id.* at p. 620.)

In this case, defendant was convicted of shooting at an inhabited dwelling in count 1 and possession of a firearm by a felon in count 2.  Defendant concedes "that his conviction for shooting at an inhabited dwelling [is] a strike."  Under *In re Martinez*, *supra*, 223 Cal.App.4th 610, 620, because of defendant's conviction in count 1, defendant is not eligible for resentencing under section 1170.126.

## IV

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI _____

J.

We concur:

HOLLENHORST _____

Acting P. J.

CODRINGTON _____

J.